# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Morye Cooley, | Case No. 24-CV-2457 (ECT/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| ACH and Summit, | |
| Defendants. | |

This action comes before the Court on Plaintiff's Motion for Appointment of Counsel (Dkt. 22).

Plaintiff filed a Motion for Appointment of Counsel asserting the following reasons for appointment: he is proceeding *in forma pauperis*, and is unable to afford counsel; the issues involved in this case are complex and could involve cross examination of witnesses; he has limited access to investigate while incarcerated; he has a limited knowledge of the law; and limited access to a law library. (Dkt. 22.)

In civil proceedings, there is no constitutional nor statutory right to appointed counsel. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). However, "[i]n civil rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to represent a party if, within the court's discretion, the circumstances are such that would properly justify such a request." *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982) (citation omitted). Relevant factors in determining whether appointment of counsel is appropriate are the factual complexity of the case, the complexity of the legal arguments,

the ability of the litigant to present her claims, and whether both the parties and the Court would benefit from the indigent being represented by counsel. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edgington v. Missouri Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)); *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (quoting *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)).

Here, the Court finds that the appointment of counsel is not warranted because: the Court cannot conclude that this matter dealing with allegations that the service of food in Dakota County Jail violates Plaintiff's religious rights and is nutritionally inappropriate for him (*see* Dkt. 4) is factually or legally complex, and Plaintiff has demonstrated sufficient ability to litigate in federal court as is evidenced by his ability to seek various forms of relief in this case. For these reasons, the Court denies the motion for appointment of counsel without prejudice.

## ORDER

For all these reasons, and based on all the files, records, and proceedings herein,

**IT IS ORDERED THAT:** Plaintiff's Motion for Appointment of Counsel (Dkt. 22) is **DENIED** without prejudice.

Dated: January 6, 2025

s/ *Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge