UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Morye Cooley, | Case No. 24-cv-02457 (LMP/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ACH and Summit, | |
| Defendants. | |

This case is before the Court on Plaintiff's January 2, 2025 letter where he states, "Plaintiff Morye Cooley ask[s] that the allegations against (ACH) ADVANCED CORRECTIONAL HEALTHCARE INC. be vacated" ("Motion to Dismiss"). (Dkts. 23, 23-1.)[1]

This case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons stated below, the Court recommends granting the Motion to Dismiss.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises out of Plaintiff Morye Cooley's ("Cooley" or "Plaintiff") allegations against multiple defendants, including Defendant Advanced Correctional

---

[1]   The Court is cognizant that the Clerk's Office erroneously stamped Docket Entry 23 as received on January 2, 2024, not January 2, 2025 (Dkt. 23 at 1), causing the letter to be re-filed as Docket Entry 23-1 with the correct date of January 2, 2025 (Dkt. 23-1 at 1). The letter itself is the same in both Docket Entry 23 and 23-1.

Healthcare, Inc. ("ACH"), that the service of food in Dakota County Jail violates Plaintiff's religious rights and is nutritionally inappropriate for him. (*See* Dkt. 4.)

Defendant ACH filed an Answer to the Amended Complaint in this case on December 23, 2024. (Dkt. 19). As noted above, Plaintiff filed a letter with Court on January 2, 2025 asking "that the allegations against (ACH) ADVANCED CORRECTIONAL HEALTHCARE INC. be vacated. Respectfully. Upon knowledge the issue has been resolved." (Dkt. 23.)

On January 6, 2025, this Court issued an Order instructing Plaintiff and ACH as follows:

> In a letter received by the Clerk of Court on January 2, 2025, Plaintiff now states: "Plaintiff Morye Cooley ask[s] that the allegations against (ACH) ADVANCED CORRECTIONAL HEALTHCARE INC. be vacated. Upon knowledge the issue has been resolved." (Dkt. 23 at 1.) Because ACH has filed an Answer in this case (Dkt. 19), Plaintiff must either file a stipulation of dismissal signed by all parties who have appeared (Plaintiff and ACH) or obtain an Order from the Court dismissing ACH, see Fed. R. Civ. P. 41(a)(1)(A)(ii), Fed. R. Civ. P. 41(a)(2). The Court interprets this as Plaintiff asking the Court to dismiss his claims against ACH pursuant to Rule 41(a)(2). Accordingly, ACH must file a letter on or before **January 13, 2025** stating whether it opposes Plaintiff's request.

(Dkt. 25 at 1-3 (emphasis in original) (footnote omitted).)

On January 10, 2025, ACH filed a letter with the Court responding to the Court's Order:

> I write to advise the Court that Defendant ACH does not oppose that request. Also, given that Plaintiff's request advises that "the issue has been resolved" (Doc. #23-1), I would ask that the dismissal be made with prejudice.

(Dkt. 26.)

2

## II.   ANALYSIS

As noted above, because ACH has filed an Answer in this matter, Rule 41(a)(2) [2] of the Federal Rules of Civil Procedure applies.  "A motion to dismiss an action under Rule 41(a)(2) falls to the sound discretion of the district court." *Corning Inc. v. Wilson Wolf Mfg. Corp.,* 639 F. Supp. 3d 877, 882 (D. Minn. 2022) (citing *Herring v. City of Whitehall*, 804 F.2d 464, 466 (8th Cir. 1986)).  "A court is not required to dismiss a claim upon request." *Id.*  The Eighth Circuit has set forth a number of factors that should considered in its determination of whether to grant a motion to dismiss under Rule 41(a)(2):

> In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants. Likewise, a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum

---

[2]   Federal Rule of Civil Procedure 41(a) states in relevant part as follows:

(a) Voluntary Dismissal.

\* \* \*

(2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

*Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir.1999)). Consideration of these factors is left to the "sound discretion" of the court. *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1031 (8th Cir. 2022). The primary focus of the Court is to "prevent voluntary dismissals which unfairly affect the other side." *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 793 F. Supp. 205, 206 (D. Minn. 1992).

    Here, the Court finds that Plaintiff has provided a proper of explanation of why he wants to dismiss the Complaint as to ACH, that is, the issues he had with ACH have been "resolved." Moreover, this case is in its infancy, so dismissal of ACH would not result in a waste of judicial time and effort. Finally, given that ACH represented that it does not oppose the dismissal, the Court finds no prejudice to ACH if the Motion to Dismiss is granted.

    However, ACH has requested that the action against it be dismissed with prejudice. (Dkt. 26 at 1.) Due to the limited information about why the issue is "resolved" and because it is not clear that the parties have reached a global resolution as to both injunctive relief and damages sought by Plaintiff, the Court finds that the action as to ACH should be dismissed without prejudice. *See Corning*, 639 F. Supp. 3d at 882 ("Typically, a dismissal under Rule 41(a)(2) is without prejudice.") (citing Fed. R. Civ. P. 41(a)(2)).

### III. RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion to Dismiss his claims against ACH pursuant to Rule 41(a)(2) (Dkts. 23, 23-1) be **GRANTED**; and

2. The Amended Complaint be **DISMISSED WITHOUT PREJUDICE** as to Defendant ACH.

DATED: February 5, 2025                    *s/ Elizabeth Cowan Wright*
                                           ELIZABETH COWAN WRIGHT
                                           United States Magistrate Judge

### NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).