UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Morye Cooley, | Case No. 24-CV-02457 (LMP/ECW) |
| Plaintiff, | |
| v. | ORDER |
| Summit, | |
| Defendant. | |

This matter is before the Court on Defendant's September 19, 2025 Motion to Compel Discovery (Dkt. 40) ("Motion") and Defendant's December 23, 2025 Letter to the Court (Dkt. 52) regarding the operative Scheduling Order. For the reasons stated below, the Motion is granted.

### I.     FACTUAL AND PROCEDURAL BACKGROUND

The remaining claims in this action arise out of Plaintiff Morye Cooley's ("Plaintiff" or "Cooley") allegations against Defendant Summit Food Service ("Defendant" or "Summit") that the service of food in the Dakota County Jail violated Plaintiff's religious rights and was nutritionally inappropriate. (*See* Dkt. 4.) Specifically, Plaintiff alleges Defendant repeatedly failed to provide him with correct special diet trays and instead gave Plaintiff food that he was allergic to; and that Summit violated his First Amendment rights by failing to accommodate him with meals in compliance with his religion. (*See id.*)

The operative Scheduling Order set the deadline for fact discovery as September 26, 2025, and the dispositive motion deadline as December 1, 2025.  (Dkt. 38.)

On July 2, 2025, Defendant served Plaintiff, via U.S. Mail, with Interrogatories, Requests for Production of Documents, and authorizations to allow Defendant access to various records, including Plaintiff's medical records.  (Dkt. 42 ¶ 2; Dkt. 42-1.)

Receiving no responses to the discovery, nor to its August 5, 2025 request to meet and confer with Plaintiff, Summit filed the present Motion on September 19, 2025.  (Dkt. 40; Dkt. 42 ¶¶ 4-5.)

On September 22, 2025, the Court issued a Briefing Order on the Motion, making Plaintiff's opposition brief due on October 6, 2025.  (Dkt. 45.)  However, Defendant subsequently notified the Court that it was unable to properly serve the Motion due to Plaintiff's recent transferer to MCF-St. Cloud.[1]  (Dkt. 46.)  On October 16, 2025, Defendant filed an affidavit of service stating that the Motion and its supporting materials were served on Plaintiff at MCF-St. Cloud via U.S. mail on October 15, 2025.  (Dkt. 49.)  Based on these intervening circumstances, on October 17, 2025, the Court amended the briefing schedule for the Motion, giving Plaintiff until November 17, 2025 to file a memorandum and supporting documentation in response to the Motion.  (Dkt. 51.)

Based on the current record, Plaintiff has filed no response to the Motion as of the date of this Order or produced any discovery to Defendant.

---

[1]   Plaintiff remains incarcerated at MCF-St. Cloud as of the date of this Order.

2

## II.     ANALYSIS

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Rule 33 of the Federal Rules of Civil Procedure provides that a "party may serve on any other party" interrogatories and requires the party to which they are directed to answer. *See* Fed. R. Civ. P. 33(a), (b)(1)(A).  A party served with an interrogatory must either answer it "fully" or object to it within 30 days.  *See* Fed. R. Civ. P. 33(b)(2)-(3). Rule 33 requires pro se plaintiffs to sign as to any objections made, and the party who answers them must sign as to those answers.  *See* Fed. R. Civ. P. 33(b)(5).  A party fails to respond to an interrogatory not only when it neither answers nor objects, but also when it submits an "evasive or incomplete" answer.  *See* Fed. R. Civ. P. 37(a)(4).

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to serve on any other party a request within the scope of Rule 26(b):

> [T]o produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be

>obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Fed. R. Civ. P. 34(a)(1)(A). Pursuant to Rule 34, a party responding to request for documents has 30 days from service of the discovery to respond or otherwise object. *See* Fed. R. Civ. P. 34(b)(2)(A). Requests for authorizations for the release of records, including medical records, can be properly ordered pursuant to Rule 34, but authorizations are not mandated. *See J.J.C. v. Fridell*, 165 F.R.D. 513, 517 (D. Minn. 1995). Here, Plaintiff has put his medical health at issue, in part, by asserting that Summit failed to provide him with the correct special diet trays and instead gave Plaintiff food that he was allergic to. *See Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 269 (D. Minn. 2007).

Rule 37 of the Federal Rule of Civil Procedure authorizes motions to compel discovery. *See* Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). A party seeking discovery may move for an order compelling answer, designation, production, or inspection if, amongst other possibilities, "a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Again, there is no indication as of the date of this Order that Plaintiff has complied with his obligations under Rules 33 and 34. Plaintiff has had ample time to provide discovery to Defendant despite his incarceration. Given his incarceration, the Court also

finds that the request for executed authorizations for records sent to Plaintiff by Defendant to be appropriate.

As such, Plaintiff is ordered to provide Defendant with his signed Answers to Interrogatories, Responses to Requests for Production of Documents, along with any responsive documents, and executed record authorizations previously served on Plaintiff by Defendant[2] on or before **January 30, 2026**.[3]  The Court notes that with respect to his answers to Defendant's Interrogatories, "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). And, while Rule 34, relating to the production or inspection of documents, "does not contain explicit language providing that a failure to timely object to discovery constitutes a waiver of those objections," "courts in this District have adopted a rule that such a waiver is implied into Rule 34 for late objections unless the Court excuses the failure for good cause shown." *Klein v. Affiliated Grp., Inc.*, No. 18-cv-949 (DWF/ECW), 2019 WL 1307884, at *5 (D. Minn. Mar. 22, 2019) (collecting cases).

Should Plaintiff fail to comply with this Order, the Court will consider further sanctions, including, but not limited to, recommending dismissal of this action.[4]  *See* Fed.

---

[2] All of this discovery is available on the docket and, based on the record, was served on Plaintiff in July 2025. (*See* Dkts. 42, 42-1.)

[3] If Plaintiff appeals this Order to the district judge assigned to this case, this deadline will be stayed pending the district judge's decision on that appeal.

[4] Defendant suggests that dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate at this stage, given Plaintiff's failure to adhere to the deadlines afforded in the Court's Corrected Scheduling Order. (Dkt. 52.)

R. Civ. P. 37(b).  Regardless of his pro se status, Plaintiff is again reminded that he must comply with the Local Rules for the District of Minnesota, the Federal Rules of Civil Procedure, and this Court's Orders.  *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").  Plaintiff is further advised that resources for pro se litigants are available on the District of Minnesota website, including links to the District of Minnesota Local Rules and the Federal Rules of Civil Procedure and Evidence.  Links to these resources, as well as other resources, are at: https://www.mnd.uscourts.gov/representing-yourself; and https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets.

    For all of the reasons stated above, the Motion is granted.  The Court also finds that a limited extension of the scheduling order, as requested by Defendant (Dkt. 52), is supported by good cause in light of the procedural history and delays cause by Plaintiff's failure to respond to discovery.  *See* Fed. R. Civ. P. 16(b); D. Minn. LR 16.3.  Defendant must file a proposed amended scheduling order no later than 14 days after the date of this Order.

---

However, Rule 37 provides the appropriate mechanism for sanctions, including possible dismissal, related to a parties' failure to adhere to their discovery obligations.

## III.   ORDER

Based on the files, records, and proceedings in this matter, **IT IS ORDERED THAT:**

1. Defendant's to Motion to Compel Discovery (Dkt. 40) is **GRANTED**;

2. Plaintiff is ordered to provide Defendant with his signed Answers to Interrogatories, Responses to Requests for Production of Documents, along with any responsive documents, and executed record authorizations previously provided to Plaintiff by Defendant, as reflected in Docket Entry 42-1, on or before **January 30, 2026**, unless this Order is appealed; and

3. Defendant must file a proposed amended scheduling order within 14 days of the date of this Order, following which the Court will issue an amended scheduling order.

Dated: December 29, 2025                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge