**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Morye Cooley, | Case No. 24-cv-02457 (LMP/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Summit, | |
| Defendant. | |

---

This case is before the Court on Defendant's Motion for Sanctions pursuant to Rule 37(b) (Dkt. 63) ("Motion"). The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Motion should be granted and the Amended Complaint (Dkt. 4) should be dismissed with prejudice.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The remaining claims in this action arise out of Plaintiff Morye Cooley's ("Plaintiff" or "Cooley") allegations against Defendant Summit Food Service ("Defendant" or "Summit") that the service of food in the Dakota County Jail violated Plaintiff's religious rights and was nutritionally inappropriate. (*See* Dkt. 4.) Specifically, Plaintiff alleges Defendant repeatedly failed to provide him with correct special diet trays and instead gave Plaintiff food that he was allergic to; and that Summit violated his First Amendment rights by failing to accommodate him with meals in compliance with his religion. (*See id.*)

The initial Scheduling Order set the deadline for fact discovery as September 26, 2025, and the dispositive motion deadline as December 1, 2025.  (Dkt. 38.)

On July 2, 2025, Defendant served Plaintiff, via U.S. Mail, with interrogatories, requests for production of documents, and authorizations to allow Defendant access to various records, including Plaintiff's medical records.  (Dkt. 42 ¶ 2; Dkt. 42-1.)

Receiving no responses to the discovery, nor to its August 5, 2025 request to meet and confer with Plaintiff, Summit filed a Motion to Compel on September 19, 2025. (Dkt. 40; Dkt. 42 ¶¶ 4-5.)

On September 22, 2025, the Court issued a Briefing Order on the Motion to Compel, making Plaintiff's opposition brief due on October 6, 2025.  (Dkt. 45.) However, Defendant subsequently notified the Court that it was unable to properly serve the Motion to Compel due to Plaintiff's recent transferer to MCF-St. Cloud.  (Dkt. 46.) On October 16, 2025, Defendant filed an affidavit of service stating that the Motion to Compel and its supporting materials were served on Plaintiff at MCF-St. Cloud via U.S. mail on October 15, 2025.  (Dkt. 49.)  Based on these intervening circumstances, on October 17, 2025, the Court amended the briefing schedule for the Motion to Compel, giving Plaintiff until November 17, 2025 to file a memorandum and supporting documentation in response to the Motion to Compel.  (Dkt. 51.)

Plaintiff failed to file any response to the Motion to Compel.  (Dkt. 55 at 2.)

On December 29, 2025, the Court granted Defendant's Motion to Compel and ordered Plaintiff to do the following:

2

> Plaintiff is ordered to provide Defendant with his signed Answers to Interrogatories, Responses to Requests for Production of Documents, along with any responsive documents, and executed record authorizations previously provided to Plaintiff by Defendant, as reflected in Docket Entry 42-1, on or before **January 30, 2026**, unless this Order is appealed

(Dkt. 55 at 7.)  The Court also warned Plaintiff of the possible consequences for failing to follow the Court's Order regarding the Motion to Compel regardless of his pro se status: "Should Plaintiff fail to comply with this Order, the Court will consider further sanctions, including, but not limited to, recommending dismissal of this action." (*Id.* at 5.)

On January 13, 2026, the Court issued the operative Amended Scheduling Order given Plaintiff's failure to comply with his discovery obligations.  (Dkt. 58.)  The Amended Scheduling Order set the deadline for fact discovery as April 24, 2026, and the dispositive motion deadline as June 23, 2026.  (Dkt. 58 at 1.)

There is no indication on the docket that Cooley failed to receive the Court's December 29, 2025 Order on the Motion to Compel or the Court's January 13, 2026 Amended Scheduling Order.

On February 9, 2026, Defendant filed a letter stating that Plaintiff had not complied with the December 29, 2025 Order and that Defendant had been unable to serve Plaintiff with a copy of the letter "through the mail program," which Defendant asserted was because Plaintiff had been released from custody, and seeking relief based on this conduct.  (Dkt. 59.)  On February 10, 2026, the Court issued an Order instructing Defendant to file a motion to the extent it sought relief from the Court based on its claim that Cooley failed to comply with the Court's December 29, 2025 Order.  (Dkt. 60.)  As of February 23, 2026, the docket reflected that the copy of that Order mailed to Plaintiff

3

by the Clerk's Office was returned as undeliverable, as it appeared that Plaintiff had been released from incarceration to supervised released.  (*See* Docket 24-cv-02457 (LMP/ECW).)  Indeed, the Department of Corrections' Inmate Locator page for Plaintiff accessed on March 15, 2026 by Defendant's counsel shows that Plaintiff was released to supervised release as of February 2, 2026.  (Dkt. 66 ¶ 18; Dkt. 67-5.)  Plaintiff has not updated his address with the Court as of the date of this Report and Recommendation.

## II.    LEGAL STANDARD

Under Rule 37(b) of the Federal Rules of Civil Procedure, a Court may sanction a party for failing to comply with a discovery order.  *See* Fed. R. Civ. P. 37(b)(2)(A). These sanctions may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  In addition, it is within the Court's discretion to dismiss an action with prejudice for failure to prosecute.  *See Link v. Wabash R.R.*, 370 U.S. 626, 630-32 (1962) (holding that federal courts have an "inherent power" to

4

"dismiss sua sponte for lack of prosecution" beyond Rule 41(b)).  Dismissal may be with or without prejudice.  *See Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000).

 "To justify [severe sanctions], Rule 37 requires: '(1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party.'" *Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000)).  "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).  Plaintiff has previously been warned that "[r]egardless of his pro se status, Plaintiff . . . must comply with the Local Rules for the District of Minnesota, the Federal Rules of Civil Procedure, and this Court's Orders."  (Dkt. 55 at 6 (citing *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").  "While the sanction of dismissal is 'drastic' and should therefore be used only in exceptional cases, a district court is not required to impose the least onerous sanction so long as it considers whether a lesser sanction is available or appropriate."  *McDonald v. Overnite Express*, No. CIV 08-5069 (JNE/JSM), 2010 WL 2733328, at *5 (D. Minn. May 11, 2010) (citation modified), *R. & R. adopted sub nom.*, 2010 WL 2733348 (D. Minn. July 9,

2010); *see also Kasso v. City of Minneapolis*, No. 23-CV-2782 (KMM/DLM), 2026 WL 472911, at *3 (D. Minn. Feb. 19, 2026), *aff'd sub nom.*, 2026 WL 1171309 (D. Minn. Apr. 30, 2026) ("[D]iscretion is 'bounded by the requirement of Rule 37(b)(2) that the sanction be 'just' and relate to the claim at issue in order to provide discovery.'" (quoting *Avionic Co. v. General Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986))). "Rule 37 provides a sufficient, independent basis for dismissal of a complaint with prejudice." *McDonald*, 2010 WL 2733328, at *5 (citation modified); *see also Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1260 (8th Cir. 1997).

## III.   ANALYSIS

In order to find that Plaintiff willfully violated the December 29, 2025 discovery Order (Dkt. 55), this Court is not required to find that the Plaintiff acted in bad faith, but only that he "acted intentionally as opposed to accidentally or involuntarily." *Johnson v. Sullivan*, No. 23-CV-2249 (KMM/LIB), 2025 WL 2347109, at *5 (D. Minn. Apr. 3, 2025) (collecting cases), *R. & R. adopted,* 2025 WL 2337027 (D. Minn. Aug. 13, 2025). Here, the record demonstrates that Plaintiff has failed to respond to discovery originally due in August 2025. Moreover, Plaintiff appears to have wholly abandoned the present action by failing to respond to Defendant's Motion to Compel, failing to comply with this Court's December 29, 2025 Order regarding the same, and not updating his address with the Court upon his release from prison. "Plaintiff's refusal to communicate, appear, or otherwise maintain his action can only be construed as deliberate and intentional; it is neither accidental nor involuntary." *Id.* at *6. There is no indication that Plaintiff was

6

not receiving his mail until well after the January 30, 2026 deadline passed for him to comply with the December 29, 2025 Order. Plaintiff's abandonment of this action supports the Court's finding that Plaintiff intentionally refused to provide responses to Defendant's discovery requests, as well as the finding that Plaintiff willfully violated the Court's December 29, 2025, Order compelling him to respond to those discovery requests.

The Court also finds that Defendant has been prejudiced by Plaintiff's inaction. Defendant has been unable to obtain discovery needed to investigate Plaintiff's claims, has expended time and resources in a futile attempt to get Plaintiff to comply with his discovery obligations, and now faces a dispositive motion deadline with no meaningful discovery despite this Court's extension of the deadlines. This prejudice is sufficient to warrant the sanction of dismissal under Rule 37. *See Johnson*, 2025 WL 2347109, at *7.

The Court has considered less onerous sanctions to get Plaintiff to comply with this Court's discovery Order. However, given Plaintiff's failure to update his address with the Court, lesser sanctions will have no effect given that he will not learn of them and take appropriate action. *See generally*, *Grant v. Astrue*, No. 9-cv-2818 (DWF/JSM), 2010 WL 3023915, at *2 (D. Minn. July 13, 2010) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." (citation modified)). Moreover, restricting claims, striking pleadings, and establishing certain facts are not possible lesser sanctions because they would leave Plaintiff without the essential facts needed to support the claim asserted in his Amended Complaint,

7

leading to a likely similar result in the form of summary judgment in favor of Defendant. *See Johnson*, 2025 WL 2347109, at *8. Similarly, striking Plaintiff's Amended Complaint would have to be done in whole, not in part, as Plaintiff has failed to provide any discovery. *Id.*

The Court therefore finds that the appropriate sanction in this case is dismissal of this action with prejudice.

## IV.   RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1.     Defendant's Motion for Sanctions pursuant to Rule 37(b) (Dkt. 63) be **GRANTED**; and

2.     Plaintiff's Amended Complaint (Dkt. 4) be **DISMISSED WITH PREJUDICE**.


DATED: May 28, 2026                    *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge

8

**<u>NOTICE</u>**

Filing Objections:  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  See Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).